GREATER CHICAGO AUTO AUCTION,
INC., Appellant,

v.

ASSOCIATES DISCOUNT CORPORA-
TION, and Ellis Burnett, d/b/a Bur-
nett Used Cars, Appellees.

No. 17165.

United States Court of Appeals
Eighth Circuit.

Oct. 14, 1963.

—————◆—————

Frank J. Lane, Jr., of Goldenhersh, Goldenhersh, Fredericks, Newman & Lane, St. Louis, Mo., for appellant. Samuel J. Goldenhersh, St. Louis, Mo., was with him on the brief.

Harold D. Carey, of Hinkel & Carey, St. Louis, Mo., for appellee Associates Discount Corp. Henry C. Hinkel and Clifford L. Goetz, St. Louis, Mo., were with him on the brief.

Before VOGEL, VAN OOSTERHOUT and RIDGE, Circuit Judges.

PER CURIAM.

Plaintiff-appellant, Greater Chicago Auto Auction, Inc., is an Illinois corporation engaged in the business of auctioning automobiles. Defendant-appellee Associates Discount Corporation is a finance company incorporated in the State of Indiana. Defendant-appellee Ellis Burnett, d/b/a Burnett Used Cars, was a resident of the Eastern District of Missouri and was in the used car business in St. Louis. Diversity of citizenship and amount involved satisfy jurisdictional requirements.

Auction's complaint was in four counts. The first count sought replevin of 13 automobiles from Associates or in the alternative the value of the automobiles. Count Two alleged conversion of the same automobiles by Burnett. Count Three alleged conversion of five additional automobiles by Burnett and Count Four was a general allegation of fraud against Burnett. Subsequent to the filing of the complaint, Auction abandoned its claim against Associates for cars 2 to 7, inclusive.

Burnett was represented at the trial in District Court but presented no evidence and he has not made an appearance here on appeal.

The District Court, sitting without a jury, found against Auction on all counts, holding that title certificates retained by Auction were not decisive, that title vested in Burnett through delivery in the State of Illinois where valid transfer of title to an automobile may be made without the delivery of a certificate of title, that it was the intention of the parties to pass title with possession in Illinois, that Associates' chattel mortgages were valid, that any misrepresentations made by Burnett and his agent were misrepresentations of law and not of fact, and that there was no evidence of any fraud.

We have examined with care the contentions made by the appellant here on appeal and conclude that each finding of fact by the trial court is supported by substantial evidence and accordingly should be affirmed. At best, appellant

presents only possibly doubtful issues of local law. We fully agree with the trial court's reasoning supporting its dismissal of Counts 1, 2 and 3. We also agree that Count 4 against Burnett which was based upon fraud was properly dismissed but limit our affirmance as to said count to the trial court's conclusion that the evidence did not warrant a finding that the essential elements of fraud were established. We accordingly find it unnecessary to reach and therefore do not consider the validity of the trial court's statement in its opinion to the effect that the representations may not be actionable as they relate to questions of title which are questions of law and are hence not fraudulent. With such reservation, the trial court's opinion as published in D.C., 209 F.Supp. 121 is in all things affirmed.